IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

ROBERT ZENAS WHIPPLE, III )
)
v. ) NO. 1:15-0040
)
ROGER ROCHELLE, et al. )

TO: Honorable William J. Haynes, Jr., Senior District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered May 15, 2015 (Docket Entry No. 10), the Court referred this action to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72(a) and (b) of the Federal Rules of Civil Procedure, to hear and determine any pretrial issues, motions, including discovery matters, to conduct any necessary conferences and hearings, and to submit a report and recommendation for disposition of any motion filed under Rules 12, 15, 56, and 65 of the Federal Rules of Civil Procedure.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 47) filed by Defendants Roger Rochelle, Brandon Iadicicco, Rebecca Millay, Deborah Johnson, and Josh Paschall (hereinafter referred to collectively as "Defendants"), to which Plaintiff has filed a response in opposition. *See* Docket Entry No. 65. For the reasons set out below, the Court recommends that the motion be denied in part and granted in part.

## I. BACKGROUND

Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Bledsoe County Correctional Complex ("BCCX") in Pikeville, Tennessee. He filed this action *pro se* and *in forma pauperis* on April 23, 2015,[1] seeking declaratory, injunctive, and monetary relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred while he was confined at the Turney Center Industrial Prison & Farm ("Turney Center") in Only, Tennessee.

Plaintiff alleges that he has a well known history of filing lawsuits and claims against prison staff, pursuing prison grievances, and writing letters to prison and other officials and that his activities have caused prison officials to look unfavorably upon him. He asserts that he has specifically directed some of his activities toward Turney Center School Principal Rebecca Millay ("Millay"), having filed more than 20 grievances against her and her staff, named her in a prior federal lawsuit, and filed a Title VI complaint against her. *See* Complaint (Docket Entry No. 1) at 6. One of the issues Plaintiff is currently protesting through his activities is the issue of limited inmate access to the Turney Center prison law library. Plaintiff contends that, on March 28, 2015, the law library failed to open at 8:00 a.m., which he contends is the scheduled opening time, and he was sent back to his unit after arriving at the library at 8:00 a.m. He asserts that, "when the library later opened, [he] asked the library officer to be sure the sign-in times in the logbook are accurate, as he would be reporting the matter to the courts." *Id*. at 7, ¶ 22.

---

[1] Although Plaintiff dated his Complaint "April 21, 2014," *see* Complaint (Docket Entry No. 1) at 19, this is obviously a mistake.

Plaintiff was subsequently issued a disciplinary report on March 30, 2015, by Correctional Officer Roger Rochelle ("Rochelle") charging him with "attempting to intimidate an employee" based on an allegation that Plaintiff had threatened Correctional Officer Brandon Iadicicco ("Iadicicco"), who was attending the library area on March 28, by telling Iadicicco that Plaintiff would have him "in court, suspended, and fired from his job" for not allowing Plaintiff in the law library exactly at 8:00 a..m. *See* Docket Entry No. 1-1 at 4. Plaintiff alleges that Millay ordered Rochelle to issue the disciplinary report and the report was a form of reprisal against Plaintiff for his complaints, grievances, and lawsuits. He further contends that Millay "sent word" to Plaintiff to stop filing grievances or she would file additional disciplinary charges against Plaintiff. *See* Docket Entry No. 1 at 8, ¶ 28. No additional disciplinary charges were filed against Plaintiff, but he alleges that he was ultimately convicted of the disciplinary offense after a disciplinary hearing on April 17, 2015, a hearing that he contends was filled with procedural irregularities and due process violations. *Id.* at 8-12. Plaintiff asserts that he received a punishment consisting of ten days of punitive segregation, a $4.00 fine, nine months of package restrictions, transfer to another facility, and the loss of his prison job. *Id.* at 13, ¶ 83.

By Order entered May 5, 2015 (Docket Entry No. 5), the Court found that Plaintiff had alleged colorable constitutional claims that were sufficient to survive initial review and ordered that process issue to the five named defendants: Rochelle, Iadicicco, and Millay, who are all sued in only their individual capacities, Turney Center Warden Debra Johnson ("Johnson"), and Turney Center Lieutenant Josh Paschall ("Paschall"). Defendants Johnson and Paschall are sued in only their official capacities. *See* Complaint at 4-6. Defendants have been served with process and, in lieu of answers, have filed the pending motion to dismiss.

Defendants seek dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure contending that Plaintiff fails to state a claim against them upon which relief can be granted. They raise two arguments in support of their motion. First, Defendants argue that Plaintiff fails to state a cognizable claim for retaliation because he does not allege that an adverse action was taken against him that would deter a person of ordinary firmness from the exercise of First Amendment rights. Defendants argue that Plaintiff has demonstrated unequivocally by the filing of this and other lawsuits and by the pursuit of grievances that no actions taken by Defendants have deterred him from exercising his constitutional right to file legal actions and pursue grievances. *See* Memorandum in Support (Docket Entry No. 48) at 3-4. Second, Defendants Paschall and Johnson assert that their only alleged involvement in the events at issue is based upon their supervisory roles at the Turney Center, which is akin to seeking liability against them based upon a theory of *respondeat superior* and which will not support a claim under 42 U.S.C. § 1983. *Id*. at 4-6.

In response, Plaintiff asserts that, if extrinsic evidence is considered by the Court in ruling on the motion, the motion should be converted to a motion for summary judgment. *See* Docket Entry No. 65 at 1. Plaintiff further argues that 1) he alleges in his Complaint, not only a retaliation claim, but a claim for the violation of his due process rights during the prison disciplinary proceedings, and 2) that he has sufficiently alleged adverse actions were taken against him that are sufficient to satisfy the deterrence element of a constitutional retaliation clam under 42 U.S.C. § 1983. *Id.* at 2-5. Finally, Plaintiff contends that he has alleged sufficient involvement on the part of Defendants Johnson and Paschall in the events at issue to support a claim, that legal theories exist supporting his claims, and that further discovery may reveal a deeper level of involvement of these two Defendants in the events at issue and/or in a conspiracy against him. *Id*. at. 6-8.

## II. STANDARD OF REVIEW

The Defendants' motion to dismiss is reviewed under the standard that the Court must accept as true all of the allegations contained in the Complaint, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of a *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the Complaint need not contain detailed factual allegations, Plaintiff must provide the grounds for the entitlement to relief sought and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the Complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. *Id.*; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. *See Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000), *abrogated in part on other grounds*, *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." *Iqbal*, 566 U.S. at 678-79. A complaint does not "suffice if it tenders

'naked assertions' devoid of 'further factual enhancement.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 557).

### III. CONCLUSIONS[2]

A. Plaintiff's Retaliation Claim

The motion to dismiss should be denied to the extent that Defendants argue that Plaintiff fails to state a claim for unlawful retaliation. It is by now well settled that prison officials cannot retaliate against a prison inmate based upon the inmate's exercise of his First Amendment rights. *See Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005); *Smith v. Campbell*, 250 F.3d 1032, 1036-37 (6th Cir. 2001); *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). In order to determine whether a prisoner's allegations of retaliation rise to the level of a First Amendment claim, Plaintiff must show that: 1) he engaged in protected conduct; 2) a sufficiently serious adverse prison action was taken against him that would deter a person of "ordinary firmness" from continuing to engage in the protected conduct; and 3) there is a causal connection between the first two elements -- that is, the adverse action was motivated at least in part by Plaintiff's protected conduct. *Thaddeus-X*, 175 F.3d at 394. This test, however, recognizes the unique context of the prison setting and may result in a narrowing of a prisoner's ability to satisfy the required factors. *Id*. at 395 and 398.

The entire crux of the legal argument raised by Defendants for dismissal of the retaliation claim is that Plaintiff's continuous and repeated filing of lawsuits, grievances, and other forms of First Amendment expression shows that he is not deterred from engaging in protected conduct

---

[2] The Court has not considered any evidence that is outside the pleadings in its review of the motion to dismiss and, thus, conversion of the motion to dismiss to a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure is not required.

because of any action taken by Defendants. This argument misses the mark for two reasons. First, Defendants fail to analyze the deterrent effect of the actual adverse action at issue in this case, i.e., the issuance of the disciplinary report on March 30, 2015, and the resulting punishments imposed as a result of the disciplinary proceeding. Second, Defendants' argument focuses entirely upon the subjective actions of Plaintiff in continuing to pursue protected conduct. The Sixth Circuit Court of Appeals has specifically rejected this argument, holding that the proper inquiry in a retaliation claim is an objective inquiry and not one based upon the reaction of the plaintiff at hand to the alleged retaliatory conduct. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) ("the adverseness inquiry is an objective one, and does not depend upon how the particular plaintiff reacted."); *Thaddeus-X*, 175 F.3d at 398. *See also Whipple v. Millay, et al.*, Case No. 1:14-0117 at Docket Entry No. 29.

B. Claims against Defendants Paschall and Johnson

A defendant cannot be held liable under 42 U.S.C. § 1983 absent a showing that the defendant was personally involved in some manner in the unconstitutional conduct, *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992), and the theory of *respondeat superior* does not support a claim under Section 1983. *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 543 (6th Cir. 2008); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); *Hays v. Jefferson Cnty.*, 668 F.2d 869, 872 (6th Cir. 1982). Accordingly, liability against Defendants Paschall and Johnson cannot be based merely upon their supervisory positions at the Turney Center and their ability to control and supervise other employees. To survive the motion to dismiss, Plaintiff must allege facts showing that Defendants Paschall and Johnson

personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee*, *supra*; *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). The Complaint must contain factual allegations supporting the claims alleged, and Plaintiff cannot reply upon conclusory allegations, speculation, or a mere recitation of legal elements or theories. *Twombly*, 550 U.S. at 555; *Scheid*, 859 F.2d at 436-37.

With respect to Defendant Paschall, Plaintiff's Complaint is sufficient to withstand the motion to dismiss. Although the allegations against Paschall are brief, he is alleged to have approved the allegedly retaliatory disciplinary report, *see* Complaint at 8, ¶ 26, and the report itself states that it was issued with his approval. *See* Docket Entry No. 1-1 at 4. While there may ultimately be insufficient evidence supporting a retaliation claim against Paschall, Plaintiff's allegations are sufficient at this stage of the proceedings for the claim against Paschall to proceed.

However, Plaintiff's factual allegations are inadequate to state a claim against Defendant Johnson. Indeed, there are no factual allegations set out anywhere in the Complaint showing the involvement of Johnson in any of the events at issue. Plaintiff's attempt to implicate Defendant Johnson in this lawsuit are based purely upon unsupported and conclusory theories of liability, *see* Complaint at 5, and it is apparent to the Court that Plaintiff has no factual basis for filing a claim against Defendant Johnson. None of Plaintiff's legal arguments for retaining Defendant Johnson as a defendant in this lawsuit are persuasive, and there is no merit in his contention that Defendant Johnson should not be dismissed merely so he can seek discovery from her about "how far-reaching," *see* Docket Entry No. 65 a 7, or the depths of the alleged conspiracy against him. *See Iqbal*, 566 U.S. at 678-79 ( the "doors of discovery" are not unlocked for a "plaintiff armed with

nothing more than conclusions."). *See also Twombly*, 550 U.S. at 565 (recognizing that allegations of a conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987).

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that Defendants' motion to dismiss (Docket Entry No. 47) be GRANTED with respect to Defendant Debra Johnson and that Defendant Johnson be DISMISSED from the action and be DENIED in all other respects.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge