
RECEIVED
IN CLERK'S OFFICE
JUL 29 2016
U.S. DISTRICT COURT
MID. DIST. TENN.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

ROBERT ZENAS WHIPPLE, III,
Plaintiff,

V.

ROGER ROCHELLE, et al.,
Defendants.

No. 1:15-CV-40

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

I. INTRODUCTION

A. Statement of the Case

This is a civil rights action brought under 42 U.S.C. § 1983 by a state prisoner seeking a declaratory judgment, injunctive relief, and damages.

B. Statement of Facts

Defendant Rochelle issued a false disciplinary report on March 30, 2015. DE 1, Appendix to Complaint, Pg. 4. Plaintiff was found guilty of these charges on April 14, 2015. DE 1, Complaint, ¶ 83. The disciplinary board had prejudged his case, in advance of hearing any evidence. Id. ¶ 64. Plaintiff appealed and Warden Debra Johnson reversed the board and dismissed charges on April 23, 2015. Exhibit A. TDOC Policy requires that all copies of disciplinary reports and findings (except the inmate's) be destroyed upon dismissal. Policy 502.01 (VI) (M) (1) (b) (2).

("It shall then be the Warden's responsibility to ensure that all copies of [Disciplinary Forms], except the inmate's, are destroyed."); Policy 502.01 (VI)(M)(1)(e)(2) (same). On July 15, 2016, Defense Counsel Eric Fuller finally provided copies of Plaintiff's Inmate Institutional Records ("IIR"), pursuant Plaintiff's Revised First Request for Production of Documents (Plaintiff is still missing a number of the documents in that request, therefore his motion to compel is not yet moot). Plaintiff's Declaration in Support of Motion for Preliminary Injunction, ¶1. Plaintiff's IIR contained copies of the original disciplinary report, the Disciplinary Report Hearing Summary showing the board's guilty finding, and miscellaneous exhibits submitted to the board. Id. ¶2. The IIR did not include Plaintiff's appeal or the Warden's dismissal. Id. ¶3. Plaintiff is scheduled to meet with the parole board in April, 2017. Id. ¶4

II. LAW AND ARGUMENT

A. Standard of Preliminary Relief

Preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure and are considered preventative, prohibitory, or protective measures taken pending resolution on the merits. See Clemons v. Board of Edu., 228 F.2d 853, 856 (6th Cir. 1956). In determining whether to grant the requests for preliminary injunctive relief, the court must consider: (1) whether the Plaintiff has shown a strong or substantial liklihood or probability of success on the merits of the case; (2) wether the Plaintiff will suffer irreparable injury if the injunction is not granted; (3) wether granting the injunction will cause potential harm to others; and (4) the impact of the injunction



upon the public interest. McNeily v. Land, 684 F.3d 611, 615 (6th Cir); Leary v. Daeschner, 228 F.3d 729, 736 (6th Cir. 2000); Six Clinics Holding Corp. II v. CAFCOMP Systems, 119 F.3d, 393, 401 (6th Cir 1997); Parker v. U.S. Dept of Agric., 879 F.2d 1362, 1367 (6th Cir. 1989); Mason Cnty Med. Assocs. v. Knebel, 563 F.2d 256, 261 (6th Cir. 1977). These factors "do not establish a rigid and comprehensive test for determining the appropriateness of preliminary injunctive relief," nor is any one factor controlling. Frisch's Rest. Inc. v. Shoney's Inc. 759 F.2d 1261, 1263 (6th Cir. 1984); Gonzales v. National Bd. of Med. Examiners, 225 F.3d 620, 625 (6th Cir. 2000)

B. Probability of Success

The plaintiff has a great likelihood of success on the merits. The retaliatory acts on the part of the defendants are blatant, willful, and malicious. The Complaint contains a discussion of the applicable case law regarding retaliation, and ¶¶ 96-105 are hereby incorporated herin by reference, DE 1.

The court can take Judicial notice of Plaintiff's previous lawsuits; evidence that Plaintiff was engaged in "protected conduct." Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999); See Whipple v. Schofield, U.S.D.C. (M.D. Tenn.), 1:13-cv-109; Whipple v. Millay, U.S.D.C. (M.D. Tenn.) 1:14-cv-117.

Defendant Rochelle issued a false disciplinary report that caused Plaintiff to loose his high-paying prison job, be transferred to another prison, and will negatively impact his chances of being paroled if this relief is not granted. Warden Johnson's decision to overturn the guilty verdict because of "lack of evidence to support conviction" supports Plaintiff's allegation the charges were bogus, Exhibit A.



The disciplinary report itself provides the "causal connection between elements one and two" where it states Plaintiff threatened to have Defendant Iadicicco "in court". Thaddeus-X 175 F.3d at 394; DE 1, ¶23. Given that a previous commissioner, Gayle Ray, had found that "There is no intimidation when an inmate tells an employee... that he/she will be taking the matter to Federal Court," the report, itself, is also evidence that the charge is false. DE 1, Appendix to complaint, Pg 1.

Plaintiff has evidence of each element of a retaliation claim. Element One is established by judicial notice, two by the false disciplinary remaining in the Plaintiff's IIR and hurting his chances of parole, and three by the wording of the report. Therefore, Plaintiff has a high probability of success on the merits.

C. Irreparable Injury

If this relief is not granted, it will negatively impact parole consideration in April 2017, which is clearly an irreparable injury. Plaintiff could be forced to spend several more years incarcerated.

D. Potential Harm

In deciding whether to grant preliminary injunctions, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if granted. See, e.g., Mitchell 748 F.2d at 808.




In the case at bar the potential suffering of several addional years incarcerated clearly outweighs the "suffering" of Defendants in removing documents from Plaintiff's IIR. Further the relief sought is nothing more than what TDOC Policy requires anyhow. TDOC Policy 502.01(VI)(m)(1)(b)(2) and (e)(2).

E. Public Interest

In this case, the grant of relief will serve the public because it is always in the public interest for prison officials to obey the law, especially the constitution. Llewelyn v. Oakland County Prosecutor's Office, 402 F. Supp. 1379, 1393 (E.D. Mich. 1975) (Stating "the constitution is the ultimate expression of the public interest").

F. Administrative Remedies

Plaintiff filed an institutional grievance, which is the only administrative remedy for state prisoners. Prison officials refused to consider the grievance on the merits, ruling that disciplinary matters are inappropriate to the grievance process. TDOC staff are not sufficiently intelligent to realize that the disciplinary matter was resolved previously; Plaintiff's grievance was purely



a clerical matter of removing the documents from his IIR, in accordance with policy.

III. CONCLUSION

For the foregoing reasons, Plaintiff prays that this court will grant the motion in all respects, and require any and all references to Disciplinary #1148734 be removed from his IIR.

Respectfully submitted the 27th day of July, 2016

Robert Z Whipple, III

Robert Z Whipple III
399615 BCCX Site 2
1045 Horsehead Rd
Pikeville, TN 37367

Distribution Upon Final Resolution:

White - Inmate Grievant Canary – Warden Pink – Grievance Committee Goldenrod – Commissioner (if applicable)

CR-1394 (Rev. 3-00) Page 2 of 2 RDA 2244