IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

ROBERT ZENAS WHIPPLE, III          )
                                   )
           v.                      )    NO. 1:15-0040
                                   )
ROGER ROCHELLE, et al.             )

TO: Honorable William J. Haynes, Jr., Senior District Judge

# REPORT AND RECOMENDATION

By Order entered May 15, 2015 (Docket Entry No. 10), the Court referred this action to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72(a) and (b) of the Federal Rules of Civil Procedure, for pretrial proceedings and to submit a report and recommendation for disposition of any motion filed under Rules 12, 15, 56, and 65 of the Federal Rules of Civil Procedure.

Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Bledsoe County Correctional Complex ("BCCX") in Pikeville, Tennessee. In this *pro se* and *in forma pauperis* civil rights action brought under 42 U.S.C. § 1983, he alleges that prison officials have retaliated against him because he files grievances and lawsuits. By Order entered May 5, 2015 (Docket Entry No. 5), the Court found that Plaintiff alleged colorable constitutional claims and ordered that process issue to several defendants. The parties are currently engaged in pretrial activity pursuant to scheduling order deadlines. *See* Docket Entry Nos. 99 and 133.

Presently pending before the Court is Plaintiff's motion for a preliminary injunction (Docket Entry No. 136). Plaintiff asserts that his institutional file contains incorrect or incomplete

information regarding a disciplinary proceeding that was dismissed. He seeks an order requiring TDOC officials to remove all references to the disciplinary report so that the information will not be considered at his upcoming parole hearing. Upon the directive of the Court, *see* Order entered December 9, 2016 (Docket Entry No. 166), Defendants have filed a response to the motion. They assert that review of the matter by a TDOC staff attorney shows that there is no mention of the disciplinary report in Plaintiff's electronic inmate record maintained on the Tennessee Offender Management Information System ("TOMIS") and that any and all references to the disciplinary report that were contained in Plaintiff's paper/hard copy institutional record have been removed and destroyed. *See* Docket Entry No. 165.

In light of the response by Defendants, the issue raised by Plaintiff in his motion has been resolved, and Plaintiff has effectively obtained the relief he seeks. Accordingly, Plaintiff's motion for a preliminary injunction (Docket Entry No. 136) should be DENIED as moot.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                              Respectfully submitted,

                                              BARBARA D. HOLMES
                                              United States Magistrate Judge