# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| ROBERT ZENAS WHIPPLE, III, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | NO. 1:15-cv-00040 |
|  | ) | CHIEF JUDGE CRENSHAW |
| ROGER ROCHELLE, et al., | ) |  |
| Defendants. | ) |  |

## ORDER

Before the Court are Whipple's "Motion to Reconsider Denial of Relief from Interference with Access to Court or To Certify the Interlocutory order at DE 255 as Eligible for Immediate Appellate Review and Abeyance while Review Pending" (Doc. No. 258); and the Report and Recommendation of the Magistrate Judge ("R&R") (Doc. No. 245).

For the following reasons, Whipple's motion to reconsider (Doc. No. 258) will be denied and the R&R (Doc. No. 245) will be adopted. Accordingly, Whipple's Motion for Partial Summary Judgment (Doc. No. 158) will be denied, Defendants' Motion for Summary Judgment (Doc. No. 201) will be granted, and this action will be dismissed.

## I. BACKGROUND

Robert Zenas Whipple, III filed this action pro se, asserting claims for First Amendment retaliation and violation of his Due Process rights. On August 21, 2017, the Magistrate Judge issued an R&R, recommending that Whipple's Motion for Partial Summary Judgment (Doc. No. 158) be denied, Defendants' Motion for Summary Judgment (Doc. No. 201) be granted, and this action be dismissed. (Doc. No. 245.) The Magistrate Judge stated that objections must be filed within fourteen days of service of the R&R. (Id. at 21.) Because Whipple is a pro se litigant, the

Court adds three days to the objection period to account for service by mail. See Fed R. Civ. P. 6(d). Thus, the initial deadline for Whipple to file objections was September 7, 2017.

On September 5, the Clerk's office received Whipple's motion stating that he did not have enough money in his prison trust account to view the cases cited in the R&R. (Doc. No. 246.) He requested copies of said cases and an extension of time to file objections. (Id. at 1.) On September 7, the Court granted Whipple's motion and ordered Defendants to "ensure that Plaintiff has access to the cases cited in the Magistrate Judge's Report and Recommendation." (Doc. No. 248.) The Court also granted Whipple an extension of time in which to file objections until September 19, 2017. (Id.) Again, accounting for an additional three days for service by mail, see Fed R. Civ. P. 6(d), Whipple's extended deadline to file objections was September 22, 2017. Whipple signed an acknowledgment that he received copies of all of the cases cited in the Magistrate Judge's Report and Recommendation on September 9, 2017. (Doc. No. 257-1.)

Later in the day on September 7, the Clerk's office received Whipple's motion requesting that the Court order prison officials to allow him "Westlaw" access and extend the time for him to file objections to the R&R until fourteen days after he was provided such access ("September 7 Motion"). (Doc. No. 251 at 12.) On September 12, the Court denied Whipple's motion in light of its previous order that ensured Whipple had the access he requested to the cases cited in the R&R and granted him an extension to file objections. (Doc. No. 255.)

Whipple's Motion to Ascertain Status (Doc. No. 256) of his motion filed at Doc. No. 251 is **DENIED AS MOOT**.

## II. WHIPPLE'S MOTION TO RECONSIDER

On September 18, 2017, the Clerk's office received Whipple's motion to reconsider the Court's September 12 Order. (Doc. No. 258.) Whipple argues that the relief granted in the Court's

September 7 Order—access to the cases cited in the R&R and an extension of the objection period—did not do away with the need for the relief requested in Whipple's September 7 Motion—"Westlaw" access and an extension of the objection period until fourteen days after he was provided such access. (Id. at 4.) Thus, Whipple urges the Court to reconsider its September 12 Order denying Whipple's September 7 Motion as moot.

The Court's September 12 Order is an interlocutory order. Reconsideration of an interlocutory order is appropriate where there is "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Louisville/Jefferson Cty. Metro. Gov't v. Hotels.com, L.P., 590 F.3d 381, 389 (6th Cir. 2009) (quoting Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004)). Whipple does not rely on a change in law or new evidence, so the Court construes his motion as seeking to "correct a clear error or prevent manifest injustice."

Whipple has not demonstrated that it was a clear error of law or will result in manifest injustice to decline to specifically order prison officials to give him "Westlaw" access. "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" Lewis v. Casey, 518 U.S. 343, 350 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)). The federal constitution "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356.

Here, Whipple has demonstrated throughout the course of this action that he is able to present his claims to the Court. Whipple does not argue that he has been denied all access to legal materials, just that his access is inadequate to file objections to the R&R. However, since the

Magistrate Judge filed the Report and Recommendation on August 21, 2017, Whipple has filed seven motions (Doc. Nos. 246, 249, 251, 252, 254, 256, 258), two of which include sophisticated citations to legal authority (Doc. Nos. 251, 258). Further, accounting for the extension of time and the additional days for pro se litigants to account for service by mail, Whipple had thirty-two days to file objections. He has not done so. Thus, the timeline and filings in this case reflect that Whipple has had a "reasonably adequate opportunity" to draft and file objections. See Lewis, 518 U.S. at 350.

Accordingly, there is not any basis to reconsider the Court's September 12 Order. In his Motion, Whipple alternatively requests that the Court certify that the September 12 Order is eligible for immediate appellate review. (Doc. No. 258 at 5.) However, this issue is moot because this is the final order in this action. For these reasons, Whipple's "Motion to Reconsider Denial of Relief from Interference with Access to Court or To Certify the Interlocutory order at DE 255 as Eligible for Immediate Appellate Review and Abeyance while Review Pending" (Doc. No. 258) is **DENIED**.

### III. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Magistrate Judge filed a Report and Recommendation, to which no timely objections have been filed. (Doc. No. 245.) The Court has reviewed the Report and Recommendation and conducted a de novo review of the record. The Report and Recommendation is **ADOPTED**.

Accordingly, Whipple's Motion for Partial Summary Judgment (Doc. No. 158) is **DENIED** and Defendants' Motion for Summary Judgment (Doc. No. 201) is **GRANTED**.

### IV. CONCLUSION

Whipple's remaining motions (Doc. Nos. 249, 252, 254) are also **DENIED**. Whipple requests that the Court: direct the warden at his current place of confinement to refund $33.75 to

his trust account (Doc. No. 249); find a non-party prison official in contempt for alleged interference with legal mail (Doc. No. 252); and issue an injunction against any transfer, because he would consider any transfer to be retaliatory (Doc. No. 254). These complaints pertain to his current conditions of confinement, and are not appropriate in this action.

For the reasons stated above, this action is **DISMISSED**. Whipple previously filed a Notice of Appeal (Doc. No. 259) of the Court's September 12 Order. The Clerk shall enter judgment in accordance with Federal Rule of Procedure 58, and forward a copy of this Order to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE